## 49282. BIDDY v. THE STATE.

BELL, Chief Judge.

The defendant was convicted for burglary in the

Superior Court of Walton County, Western Judicial Circuit, sentenced, and placed on probation. On November 14, 1973 a petition for revocation of probation was filed in the Superior Court of Bartow County, Cherokee Judicial Circuit. After a hearing, defendant's probation was revoked. *Held:*

1. The issue is whether the Superior Court of Bartow County, Cherokee Judicial Circuit, had jurisdiction to revoke the probation of the defendant when it was initially imposed by a superior court of another judicial circuit. Code Ann. § 27-2713 provides in part: "Whenever, within the period of probation, a probation officer believes that a probationer under his supervision has violated his probation in a material respect, he may arrest such probationer without warrant, wherever found, and return him to the court granting such probation, or, if under supervision in a county or judicial circuit other than that of conviction, to a court of equivalent original criminal jurisdiction within the county wherein the probationer resides for purposes of supervision." It is very plain from this statute that probation may be revoked by a court of equivalent original criminal jurisdiction when the probationer's county of supervision and residence is different from the county of original conviction. The record shows that defendant was transferred for supervision to Bartow County, the county of his residence. This transfer, under authority of the statute, conferred jurisdiction to revoke the probation in the Superior Court of Bartow County.

2. The evidence is sufficient to support the judgment of revocation.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 6, 1974 — DECIDED JULY 3, 1974.

*Ben Lancaster,* for appellant.
*David N. Vaughan, Jr., District Attorney,* for appellee.